UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Sean Miguel Thomas,

Petitioner,

vs.

REPORT AND RECOMMENDATION

Connie Roehrich, Dan Feneis, and Sheryl Ramsted Hvass,

Respondents.

Civ. No. 00-1641 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 2nd day of February, 2001.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus. See, Title 28 U.S.C. §2254. The Petitioner appears pro se, and the Respondents appear by Kari Jo Ferguson, Assistant Minnesota Attorney General

For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed.

## II. Factual and Procedural Background

The Petitioner is a State prisoner, who is currently incarcerated at the Minnesota Correctional Facility in Faribault, Minnesota

13

FILED FEB 02 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

("MCF-FB"), where he is serving a 163-month sentence, imposed by the Hennepin County District Court, for Attempted Second Degree Murder. Prior to being transferred to MCF-FB, the Petitioner was incarcerated at MCF-Lino Lakes ("MCF-LL"), and MCF-Stillwater ("MCF-SW").

On October 5, 1998, the Petitioner filed a Federal Habeas Corpus Petition in the District of Minnesota. See, Thomas v. Feneis, Civ. No. 98-2203. The Petition alleged that the State of Minnesota violated the Petitioner's right to equal protection, because it did not reduce his sentence. The Respondents filed a response to the Petition on October 29, 1998, and on November 18, 1998, the Petitioner requested an extension of time in which to respond. Although the Petitioner was given until April 18, 1999, to respond, see, Thomas v. Feneis, Order, Civ No. 99-2203 [Docket 11] (D. Minn. April 7, 1999), he never did so, and the Petition was dismissed on September 9, 1999, because the claims for relief were either procedurally defaulted, or time-barred. See, Thomas v. Feneis, Order, Civ. No. 98-2203 [Docket 13] (D. Minn. September 8, 1999).

When the Petitioner initiated his first Habeas Petition, he was incarcerated at MCF-LL. On July 13, 1999, he was transferred to MCF-SW, and on January 27, 2000, he was transferred to MCF-FB. See, Petition for Habeas Corpus ("Petition"), Attachment at 1. The Petitioner claims that his transfer during the pendency of his

Habeas Petition violated his right to due process, under the Fifth and Fourteenth Amendments, and Rule 23(a), Federal Rules of Appellate Procedure. He further claims that his legal materials were transferred from the prison, to his mother's home, without his permission, on July 13, 1999, assumably hindering his ability to litigate his Habeas Petition. Id. He asks to be transferred back to MCF-LL, and to be allowed to litigate his previous Habeas Petition in the Court of Appeals for the Eighth Circuit.[1]

## III. Discussion

Under Title 28 U.S.C. §2254, a Writ of Habeas Corpus may extend to a prisoner who is in custody under color of State law, if such custody is "in violation of the Constitution or laws or treaties of the United States." The judiciary has uniformly interpreted Section 2254 to confer jurisdiction over challenges to the execution of State sentences, but nothing in the provisions of Section 2254 relate to the conditions of a State prisoner's confinement. See, Kruger v. Erickson, 77 F.3d 1071, 1071 (8th Cir. 1996).

By comparison, the Civil Rights Act of 1871 provides every citizen with a right of action, at law or in equity, against any "person who, under color of any statute, ordinance, regulation,

---

[1]The Petitioner filed an appeal, to the Court of Appeals, on the dismissal of his first Habeas Petition on April 18, 2000 -- almost seven months after the Petition was dismissed, and that appeal was dismissed on December 11, 2000, as untimely.

custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Title 42 U.S.C. §1983. In order to prevail on a Section 1983 claim, a plaintiff must establish that the actions complained of were committed by persons acting under color of State law, and that those actions deprived the plaintiff of a right, privilege, or immunity, secured by the Constitution or laws of the United States. Id.; Hamilton v. Schriro, 74 F.3d 1545, 1549 (8th Cir. 1996); Thomas v. Gunter, 32 F.3d 1258, 1259 (8th Cir. 1994).

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court delineated what constitutes a Habeas action, as opposed to a Section 1983 claim. In making such a determination, the prisoner's label cannot be controlling. See, Kruger v. Erickson, supra at 1073, citing Preiser v. Rodriguez, supra at 489-90. The essence of Habeas Corpus is an attack by a person in custody upon the legality of that custody. See, Preiser v. Rodriguez, supra at 484. "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." Kruger v. Erickson, supra at 1073. The Kruger Court went on to state the following:

> It is the substance of the relief sought which counts. Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.

Id. at 1073.

Thus, if a prisoner is seeking a change in program, location, or environment, then he is challenging the conditions, rather than the fact of his confinement, and his remedy is under the civil rights law, even if, as will usually be the case, the program, location, or environment that he is challenging, is more restrictive than the alternative that he seeks. See, Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991), see also, Abdul-Hakeem v. Koehler, 910 F.2d 66, 69 (2nd Cir. 1990)(prisoner's claim seeking transfer out of City jail system into State or Federal prison system, because of alleged brutality by prison guards and police officers, was cognizable under Section 1983, rather than by Habeas Corpus, where prisoner was only seeking to change the place of his confinement, and not the fact or duration of confinement).

B. Legal Analysis. Here, although the Petitioner has framed his request for redress in the form of a Petition for Habeas Corpus, the facts surrounding his allegations of constitutional and/or statutory infringement lie plainly within the ambit of Section 1983. The Petitioner complains that he was transferred between prisons in Minnesota, in violation of Rule 23, Federal Rules of

Appellate Procedure, and the Fifth and Fourteenth Amendments. This is precisely the type of circumstance for which a civil rights action, under Section 1983, was promulgated. Indeed, the fact that the Petitioner's requested remedy is transfer back to MCF-LL, instead of release from custody, is further evidence of the impropriety of addressing his claim under Title 28 U.S.C. §2254. As a result, the only vehicle available to address his claim is by way of Section 1983. See, Kruger v. Erickson, supra at 1073; Pettersen v. Clark, 82 F.3d 421, 1996 WL 183097 at *1 (8th Cir. April 18, 1996)(Table Decision). Therefore, we recommend that the Petition for Habeas Corpus be dismissed, but that the Petitioner be allowed, if he should so choose, to recommence his claim as a Section 1983 action, upon payment of the appropriate filing fee.[2]

---

[2]We note that the Petitioner's contention, that his transfer during the pendency of his Habeas Petition is per se unlawful, is misguided. Although Rule 23, Federal Rules of Appellate Procedure, does provide that a prisoner may not be transferred during the pendency of a Habeas Petition, Courts have generally decided that "[r]elief for violation of this rule, * * * may only be obtained after showing the transfer resulted in prejudice to the prosecution of the pending habeas action." See, Stachan v. Army Clemency and Parole Board, 151 F.3d 1308, 1313 (10th Cir. 1998), citing Shabazz v. Carroll, 814 F.2d 1321, 1324 (9th Cir. 1987), vacated in part on other grounds, 833 F.2d 149 (9th Cir. 1987), cert. denied, 487 U.S. 1207(1988); Hammer v. Meachum, 691 F.2d 958, 961 (10th Cir. 1982), cert. denied, 460 U.S. 1042 (1983); Goodman v. Keohane, 663 F.2d 1044, 1047-48 (11th Cir. 1981). A showing of prejudice is necessary because the purpose of the rule is "to prevent officials from frustrating an inmate's efforts to obtain habeas relief by physically removing him from the territorial jurisdiction of the Court (continued...)

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Petition for a "Writ of Habeas Corpus" [Docket No. 1] be summarily dismissed.

2. That the Petitioner's Motion for Change of Venue [Docket No. 4] be denied, as moot.

---

(...continued)
in which the petition is pending. Strachan v. Army Clemency and Parole Board, supra at 1313.

Moreover, in general, a prisoner enjoys no constitutionally protected right against transfer to another prison. See, Rouse v. Benson, 193 F.3d 936, 940 (8th Cir. 1999), citing, Goff v. Burton, 91 F.3d 1188, 1191 (8th Cir. 1996). Under the standard enunciated by the Supreme Court in Sandin v. Conner, 515 U.S. 472 (1995), an interest, merely in the place of confinement, rarely will be one protected by the Due Process Clause. See, Counts v. Newhart, 951 F. Supp. 579, 583 (E.D. Va. 1996). This is true because prison authorities have a great deal of discretion in running their institutions, and such discretion normally outweighs any interest that any individual prisoner may have in remaining housed in a particular prison. See, Sanders v. St. Louis County, 724 F.2d 665, 668 (8th Cir. 1983). Thus, the Sandin Court went on to counsel that, when deciding whether the place of a prisoner's confinement rises to the level of a constitutional infringement, "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." Id., at 480. Nevertheless, a prisoner cannot be transferred in retaliation for his exercise of constitutionally protected rights. See, Goff v. Burton, supra at 1191.

3. That the Petitioner's Motion for release on his own recognizance, or release on bail [Docket No. 3], be denied, as moot.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than February 20, 2001**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than February 20, 2001**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C.

§636 to review the transcript in order to resolve all of the objections made.